Tixghman C. J.
(After stating the case.) If the plaintiff had obtained judgment against the defendant, the debt would have been merged in the judgment, and no action could have been supported but on the judgment. That, however, does not appear to have been the- case. We must suppose that Isabella was the wife of the defendant at the time' the debt was contracted. The debt was due, therefore, from the husband, and not from the wife, although the wife requested the work to be done. That- being the case, the action against the wife was brought improperly, nor could the judgment against her have any effect on the debt due from the husband. The opinion of the Court of Common Pleas, that the plaintiff’s demand was not merged in the judgment against Isabella Stevens, was correct, therefore, and the judgment should be affirmed,
Yeates J.
If any difficulty occurs in this case, it arises from our not knowing in what point of view Isabella Stevens was considered by the Court of Common Pleas, If she was deemed to be the wife of John King, the plaintiff in error, they must have considered him bound by her acts as his agent. On this supposition, a judgment obtained against her, would have no legal operation, because it could not be enfoixed by any kind of execution. Thus, where an infant becomes indebted for necessaries, and gives a bond for the amount, this will not extinguish the simple contract debt, because the bond is of no force. Cro. El. 920, The same principle would govern as to the, judgment entered-against a- married woman. On the other hand; if she was viewed as afeme sole, she was not/ the debtor' of the defendant in error, but in a legal sense acted /as,the servant of the plaintiff in error. The. cases of extin» *277 guishment of the original demand by the acceptance of á sécurity of a higher nature, are restricted to the debtors, or some one of them, giving such security. 2 Leon. 110. Whether she was, or was not, the wife of King, quacunque toia data, I think the judgment before alderman Keppele, did not merge the first debt, and that the decision of the Court below should be affirmed.
Brackenridge J. was absent in consequence of sickness..
Judgment affirmed.